United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. HIRSCH & COMPANY, INC., | No. C 06-00608 CW |
| Plaintiff, | ORDER DENYING DEFENDANT'S |
| v. | MOTION TO DISMISS |
| AMERISOURCEBERGEN CORPORATION, | |
| Defendant. | |

Defendant AmerisourceBergen Corporation (Amerisource) moves to dismiss three of four claims brought by Plaintiff G. Hirsch & Company (Hirsch). Hirsch opposes this motion. The matter was heard on March 31, 2006. Having considered all of the papers filed by the parties and oral argument on the motion, the Court DENIES the motion.

BACKGROUND

The following facts are alleged in Hirsch's complaint. Hirsch is a California corporation that manufactures and sells disposable medical and hygiene products such as diapers, briefs, liners, and underpads. Amerisource has ordered products, goods, and equipment

1  from Hirsch for over twelve years.  Beginning in September, 2002
2  and continuing through 2006, Amerisource agreed to a new Tiered
3  Price Contract and ordered products from Hirsch under that
4  contract, but only made partial payments for products ordered.
5  Despite the shortfalls in payments, Hirsch continued to supply
6  Amerisource with its products based upon a number of
7  representations and promises made by Amerisource (between March,
8  2004 and January, 2005) to pay the outstanding balance, plus
9  interest, in full.  Despite repeated demands by Hirsch, Amerisource
10 has failed and refused to pay the amount owed.
11      On October 11, 2005, Hirsch filed a complaint against
12 Amerisource alleging four causes of action: (I) breach of contract,
13 (II) common count, (III) conversion, and (IV) fraud.  Hirsch's
14 common count claim alleges that an account was stated in writing by
15 the parties in which it was agreed that Amerisource was indebted to
16 Hirsch in excess of $144,000.00 plus interest for products, goods,
17 and equipment sold and delivered.  Hirsch's conversion claim
18 alleges that Amerisource refused to pay in full for products
19 ordered and delivered, and converted those products to its own use
20 and benefit.  Hirsch's fraud claim alleges that Amerisource's
21 promises of payment were false when made and made with the intent
22 to induce Hirsch to provide additional goods to Amerisource.
23      On January 30, 2006, Amerisource removed this action to this
24 Court pursuant to 28 U.S.C. § 1441(b) and 28 U.S.C. § 1332.
25 Pursuant to Rule 12(b)(6), Amerisource moves to dismiss counts II
26 and III for failure to state a claim upon which relief can be

2

1  granted and to dismiss count IV for failure to meet Rule 9(b)'s
2  heightened pleading requirements for fraud.

LEGAL STANDARD

I. Rule 12(b)(6)

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). All material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleading or motions are required." Fed. R. Civ. P. 8(e). These rules "do not require a claimant to set out in detail the facts upon which he bases his claim. To the contrary, all the Rules require is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds on which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990). In determining whether amendment

3

would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990). Leave to amend should be liberally granted, but an amended complaint cannot allege facts inconsistent with the challenged pleading. Id. at 296-97.

II. Rule 9(b)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The allegations must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." Semegen v. Weidner, 780 F.2d 727, 731 (9th Cir. 1985). Statements of the time, place and nature of the alleged fraudulent activities are sufficient, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1439 (9th Cir. 1987), provided the plaintiff sets forth "what is false or misleading about a statement, and why it is false." In re GlenFed, Inc., Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994). Scienter may be averred generally, simply by saying that it existed. See id. at 1547; see Fed. R. Civ. P. 9(b) ("Malice, intent, knowledge, and other condition of mind of a person may be averred generally").

                              DISCUSSION

I. Claim for Common Count

Amerisource moves to dismiss Hirsch's common count claim on

4

1  the ground that Hirsch has failed to allege the required elements
2  for such a claim.
3      A common count claim is a claim based on a debt owed by a
4  defendant to a plaintiff, generally for goods or services rendered.
5  See Arthur Linton Corbin, Corbin on Contracts ¶ 20 (1963)(the
6  common counts are statements "that the defendant is indebted to the
7  plaintiff for a variety of commonly occurring reasons, such as
8  money had and received, money lent, work and labor done, and goods
9  sold and delivered.  They are allegations of indebtedness, and the
10 action may be properly described as indebitatus assumpsit.").
11     In California, the essential elements for a common count are
12 (1) a statement of indebtedness in a certain sum; (2) consideration
13 (i.e., goods sold); and (3) non-payment.  Farmers Ins. Exchange v.
14 Zerin, 53 Cal. App. 4th 445, 460 (1997).  In footnote 4 of its
15 reply, Amerisource argues that Hirsch's common count claim is in
16 fact one for an account stated.  An account stated is one form  of
17 a common count claim.  See Truestone, Inc., v. Simi West Industrial
18 Park II, 163 Cal. App. 3d 715 (1984).  Regardless of which type of
19 common count claim Hirsch seeks to allege, the analysis is the
20 same.
21     Amerisource cites Mike Nelson Co., Inc. v. Weston Hathaway,
22 2005 WL 2179310 (E.D. Cal., 2005), as an example of a common count
23 claim for account stated that was dismissed because it was not
24 plead with sufficient factual allegations.  In Nelson, the court
25 found that the plaintiff's complaint was insufficient because it
26 merely alleged that the plaintiff made a demand for payment upon
27 the defendant, but did not allege that any "balance" was struck nor

5

that any understanding was reached between the parties as to the amount of outstanding debt. Id. at *3. Moreover, an account stated is an entirely new contract by and under which the parties have adjusted their differences and mutually reached an agreement; it is not based upon the original terms, but upon a balance agreed to by the parties. Gleason v. Klamer, 103 Cal. App. 3d 782, 786-87, (1979).

Here, Hirsch alleges that "in excess of $144,000.00 plus interest" was owed by Amerisource and that an account was stated in writing by the parties in which it was agreed that Amerisource was indebted to Hirsch. Comp. at ¶¶ 13-14. Amerisource is correct that a common count claim requires an account stated that is separate and apart from the existing contract, but because the allegations in the complaint are to be taken as true and construed in light most favorable to the plaintiff, Hirsch's claim that an account stated exists is sufficient to survive a Rule 12(b)(6) motion. The allegation that products were shipped by Hirsch to Amerisource serves to plead consideration, and Hirsch alleges only partial payment by Amerisource. Accordingly, Amerisource's motion to dismiss the common count claim is denied.

II. Conversion

Amerisource moves to dismiss Hirsch's conversion claim on the ground that Hirsch has failed to allege that it had ownership or an immediate right to possession of the alleged property at the time of conversion.

Conversion has been generally defined as "any act of dominion wrongfully exerted over another's personal property in denial of or

6

inconsistent with his rights therein." Zaslow v. Kroenert, 29 Cal. 2d 541, 549 (1946); Hartford Fin. Corp. v. Burns, 96 Cal. App. 3d 591, 602 (1979).  Under California law, the elements of a conversion cause of action are (1) a plaintiff's ownership or right to possession of the personal property at the time of conversion; (2) a defendant's conversion by wrongful act or disposition of the plaintiff's property rights; and (3) damages.  Id. at 598; Messerall v. Fulwider, 199 Cal. App. 3d 1324, 1329 (1988).

Hirsch asserts that ordering goods and receiving them without paying for them in full is a wrongful act and constitutes conversion.  Hirsch also alleges right to possession and damages. Amerisource argues that, because Hirsch admits that Amerisource submitted partial payments, Hirsch cannot in good faith claim that it had ownership or an immediate right to possession of the goods sold to Amerisource.  However, Amerisource fails to cite any legal authority supporting its proposition that partial payment of delivered goods precludes the assertion of an immediate right of possession by the seller.  Viewed in the light most favorable to Hirsch, the complaint can be construed to allege that Amerisource paid in full for some of the goods delivered, but paid nothing for some of the goods, such that a conversion claim would lie, at least for the goods not paid for.  Therefore, Amerisource's motion to dismiss Hirsch's conversion claim is denied.

III.  Fraud

Amerisource moves to dismiss Hirsch's fraud claim on the ground that Hirsch has failed to plead it with the required particularity.

7

1   Under California law, the elements needed to establish fraud
2   are (1) misrepresentation (false representation, concealment, or
3   nondisclosure); (2) knowledge of falsity (or scienter); (3) intent
4   to defraud, i.e., to induce reliance; (4) justifiable reliance; and
5   (5) resulting damages.  Lazar v. Superior Court, 12 Cal. 4th 631,
6   638 (1996).  While mere conclusory allegations of fraud are
7   insufficient, statements of the time, place and nature of the
8   alleged fraudulent activities are sufficient.  Id.
9   Hirsch's fraud claim avers that Amerisource represented, among
10  other things, that it would promptly provide a full accounting to
11  Hirsch, pay all outstanding invoices, and pay interest and other
12  charges owed to Hirsch in conformance with their initial agreement.
13  According to Hirsch, the alleged misrepresentations were made
14  periodically by two named Amerisource executives on specific dates
15  between 2004 and 2005.  Amerisource argues that the particularity
16  requirement mandates that Hirsch must plead facts explaining why
17  the statements in question were false when made.  Hirsch's
18  complaint avers that Amerisource had no intention of paying for
19  Hirsch's goods or providing an accurate accounting, either at the
20  time Amerisource initially ordered the products, or subsequently
21  when Amerisource persuaded Hirsch to continue to provide additional
22  products.  Scienter, malice, intent and and other condition of mind
23  of a person may be averred generally.  In re GlenFed, Inc., Sec.
24  Litig., 42 F.3d 1541, 1545-47 (9th Cir. 1994).  Hirsch's complaint
25  also alleges justifiable reliance, as well as damages.  Therefore,
26  Amerisource's motion to dismiss Hirsch's fraud claim is denied.

8

CONCLUSION

For the foregoing reasons, Amerisource's motion to dismiss is DENIED.

IT IS SO ORDERED.

Dated: 5/17/06

CLAUDIA WILKEN
United States District Judge